KEVIN V. RYAN (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ANDREW Y.S. CHENG (CSBN 164613)
Assistant United States Attorney

     450 Golden Gate Avenue, P.O. Box 36055
     San Francisco, California 94102-3495
     Telephone:   (415) 436-6813
     Facsimile:    (415) 436-6748
     Email:       andrew.cheng@usdoj.gov

Attorneys for Federal Defendant

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTINE SODEN, | Case No. C04-04978 JSW |
| Plaintiff, | **E-FILING CASE** |
| v. | **STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER** |
| THE PRESIDIO TRUST, a wholly owned government corporation; | |
| Defendant. | |

     IT IS HEREBY STIPULATED AND AGREED by and between plaintiff CHRISTINE

SODEN and defendant THE PRESIDIO TRUST, (hereinafter the "Federal Defendant"), by and

through their undersigned counsel, as follows:

     1.     The parties do hereby agree to settle, compromise and dismiss the above-

captioned action ("This Action") under the terms and conditions set forth herein.

     2.     The Federal Defendant agrees to pay the sum of Three Thousand Dollars and no

cents ($3,000.00) to plaintiff under the terms and conditions set forth herein.

     3.     The plaintiff and her heirs, executors, administrators, assigns and attorneys hereby

agree to accept the sum of Three Thousand Dollars and no cents ($3,000.00), in full and final

settlement and satisfaction of the claims raised in This Action under the terms and conditions set

forth herein.

///

4.      It is also agreed, by and among the parties, that the settlement amount of Three Thousand Dollars and no cents ($3,000.00) represents the entire amount payable to plaintiff and her heirs, executors, administrators, assigns and attorneys.

5.      It is also agreed, by and among the parties, that the settlement amount of Three Thousand Dollars and no cents ($3,000.00) shall be made payable to plaintiff's counsel, Stephine Wells, Esq.  The check will be mailed to the plaintiff's attorney at the following address: Stephine Wells, Esq., Wells & Hopkins, Attorneys at Law, 1628 Tiburon Boulevard, Tiburon, CA 94920.

6.      It is also agreed by and among the parties that neither plaintiff nor any of her attorneys may make any claim for attorney's fees or other costs against the Federal Defendant, the United States, their agents, servants, or employees.

7.      In consideration of the payment of Three Thousand Dollars and no cents ($3,000.00) as set forth above, the plaintiff agrees that she will immediately upon execution of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in This Action or any claims that could have been asserted in This Action, which is captioned *Soden v. Presidio*, C 04-4978 JSW.  The fully executed Stipulation of Dismissal will be held by counsel for the Federal Defendant and will be filed with the Court upon receipt by plaintiff's counsel of the settlement amount.

8.      In consideration of the payment of Three Thousand Dollars and no cents ($3,000.00) as set forth above, the plaintiff hereby releases and forever discharges the Federal Defendant and any and all of its past and present officials, directors, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to This Action, including all claims of discrimination, harassment, hostile work environment, and retaliation asserted by plaintiff in each and every Equal Employment Opportunity ("EEO") complaints filed while plaintiff worked

at the Presidio Trust (the "EEO Complaints") or any and all claims that could have been asserted in the EEO Complaints.

9.     In consideration of the payment of Three Thousand Dollars and no cents ($3,000.00) as set forth above, the plaintiff further agrees that she may not and will not use or rely on the incidents and actions underlying the EEO Complaints in any other administrative proceeding, state court action or federal court action to prove any kind of discrimination, harassment, hostile work environment, or retaliation or as background or history to any claim of discrimination, harassment, hostile work environment, or retaliation she may bring.

10.     The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The plaintiff having been apprised of the statutory language of Civil Code Section 1542 by her attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law.  The plaintiff understands that if the facts concerning the plaintiff's injury and the liability of the Federal Defendant, or its directors, officers,  agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by her to be true, this agreement shall be and remain effective notwithstanding such material difference.

11.     The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the Federal Defendant, or its directors, officers,  agents, servants, or employees.  This agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

12.     This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

13.     If any withholding or income tax liability is imposed upon plaintiff based on

payment of the settlement sum as set forth herein, plaintiff shall be solely responsible for paying any such liability.  Plaintiff, and her attorneys, will indemnify and hold harmless the Federal Defendant from any liability the Federal Defendant may incur from any government agency arising out of any failure by plaintiff to pay any tax liability she might be responsible for from any government agency.

14.     Plaintiff and her attorneys have been informed that payment of the settlement amount may take 90 days or more to process.

15.     The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

16.     Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this agreement and that they have had the contents of this agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof.  It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

17.     If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

18.     This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

///

///

///

///

1       19.     This agreement may not be altered, modified or otherwise changed in any respect

2   except in writing, duly executed by all of the parties or their authorized representatives.

3

4   Dated: _5. 24. 06_

       _____
5      CHRISTINE SODEN
       Plaintiff
6

7   Dated: _____            By: _____
8                                   STEPHINE WELLS
                                    Attorney for Plaintiff
9

10                                  KEVIN V. RYAN
                                    United States Attorney
11

12  Dated: _____            By: _____
13                                  ANDREW Y.S. CHENG

14                                  Assistant United States Attorney
                                    Attorneys for the Federal Defendant
15

16  PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT,
    APPROVED AND SO ORDERED:
17

18

19  Dated: _June 2, 2006_

20                                  _____
                                    JEFFREY S. WHITE
21                                  United States District Judge

22

23

24

25

26

27

28

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT,
C04-4978 JSW                                      5

1        19.    This agreement may not be altered, modified or otherwise changed in any respect

2   except in writing, duly executed by all of the parties or their authorized representatives.

3

4   Dated:_____

5                                      CHRISTINE SODEN
                                   Plaintiff

6

7

8   Dated:_____          By: _____
                                   STEPHINE WELLS
                                   Attorney for Plaintiff

9

10                                     KEVIN V. RYAN

11                                     United States Attorney

12  Dated: 5/31/06         By: _____

13                                     ANDREW Y.S. CHENG

14                                     Assistant United States Attorney
                                   Attorneys for the Federal Defendant

15

16  **PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT,
APPROVED AND SO ORDERED:**

17

18

19

20  Dated: _____                         _____
                                   JEFFREY S. WHITE

21                                     United States District Judge

22

23

24

25

26

27

28